# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 19 mj 2799-Reid

UNITED STATES OF AMERICA

vs.

**JONATHAN MICOLTA BUSTOS,**
**OMAR VALLECILLA PAYAN and**
**EDGAR HINESTROZA RIASCOS,**

**Defendants.**
_____/

## CRIMINAL COVER SHEET

Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?          Yes     X     No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY:    _____
YVONNE RODRIGUEZ-SCHACK
Assistant United States Attorney
Florida No. 864696
99 Northeast 4th Street, Suite 700
Miami, Florida 33132
305. 961.9014
305. 536.7213 Facsimile
Yvonne.Rodriguez-Schack@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. **19 mj 2799- Reid** |
| JONATHAN MICOLTA BUSTOS, | ) |
| OMAR VALLECILLA PAYAN, | ) |
| and EDGAR HINESTROZA RIASCOS | ) |
| | ) |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about _____ May 5, 2019 _____, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b). |
| | Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |
| Title 18, United States Code, Section 2285 | Conspiracy to operate a semi-submersible vessel without nationality, that is, the defendants did knowingly and willfully combine, conspire, and agree with each other, to operate and embark by any means in a semi-submersible vessel without nationality and with the intent to evade detection into, through or from waters beyond the outer limit of the territorial sea of a single country or lateral limit of that country's territorial sea with an adjacent country. |

This criminal complaint is based on these facts:

### SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

**DEA SA ADAM SNYDER**
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  ___05/20/2019___

_____
*Judge's signature*

City and state:  Miami, Florida

Lisette M. Reid, United States Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

I, Adam Snyder, being first duly sworn, do depose and states:

      1.     I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code. I am a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice, and have been so employed since 2012. As such, I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. As a Special Agent with the DEA, I have participated in numerous narcotics investigations involving physical and electronic surveillance, execution of search and arrest warrants, the control and administration of confidential sources, international drug importations, and domestic drug distribution organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods, and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

      2.     This Affidavit is submitted for the limited purposes of establishing probable cause in support of a Criminal Complaint against JONATHAN MICOLTA BUSTOS, OMAR VALLECILLA PAYAN and EDGAR HINESTROZA RIASCOS for knowing and willfully conspiring to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b) and conspiracy to operate and embark a semi-submersible vessel without nationality, in violation of Title 18, United States Code, Sections 2285(a) and (b). As such, this Affidavit does not contain the details of every aspect of this investigation. Furthermore, this Affidavit is based

on my personal knowledge, as well as, information obtained from other law enforcement personnel.

3.      On May 5, 2019, while on patrol, a marine patrol aircraft ("MPA") sighted a self-propelled semi-submersible ("SPSS") in international waters approximately 185 nautical miles north of Galapagos Islands, Ecuador.   The United States Coast Guard Cutter ("USCGC") *MOHAWK*, which was in the area, diverted in order to investigate.  *MOHAWK* launched their over the horizon ("OTH") small boat.   The SPSS was blue in color, had three outboard engines, no markings or indicia of nationality, and was more than sixty percent (60%) under the waterline. *MOHAWK* requested and was granted a Statement of No Objection to conduct a Right of Visit.

4.      The USCG boarding team came alongside the SPSS and gained positive control. There were three individuals on board the SPSS, JONATHAN MICOLTA BUSTOS, OMAR VALLECILLA PAYAN and EDGAR HINESTROZA RIASCOS, all Colombian nationals. MICOLTA BUSTOS identified himself as the master and declined to make a claim of nationality for the vessel.  Based on the master's failure to make a claim of nationality for the vessel, and pursuant to international law, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States.  At that time, a full law enforcement boarding was conducted.

5.      USCG located a total of fifty-nine (59) bales on board the SPSS which were field tested and gave a tested positive for the presence of cocaine.  The total approximate weight was 1,259 kilograms of cocaine.

6.      All three individuals were detained for officers' safety and later transferred to the USCGC *MOHAWK*.    On May 20, 2019, the USCG transferred custody of JONATHAN MICOLTA BUSTOS, OMAR VALLECILLA PAYAN and EDGAR HINESTROZA RIASCOS

to United States law enforcement officers, in the Southern District of Florida, where they first entered the United States.

7.       Based on the foregoing facts, I submit that probable cause exists to believe that the defendants, JONATHAN MICOLTA BUSTOS, OMAR VALLECILLA PAYAN and EDGAR HINESTROZA RIASCOS, while on board a vessel subject to the jurisdiction of the United States, did knowingly and intentionally conspire to possess with intent to distribute cocaine, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b) and did knowingly and willfully combine, conspire, and agree with each other, to operate and embark by any means in a semi-submersible vessel without nationality and with the intent to evade detection into, through, or from waters beyond the outer limit of the territorial sea of a single country or lateral limit of that country's territorial sea with an adjacent country, in violation of Title 18, United States Code, Section 2285.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

ADAM SNYDER
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me
this 20th day of May, 2019.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

3